**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12082

Non-Argument Calendar

_____

GRACE D. SOLIS,
SHIRLEY SOLIS,

*Plaintiffs-Appellants,*

*versus*

CITIBANK, N.A.,
CENLAR SERVICING,
ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &
PARTNERS, LLC,
KIM STEVENS,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-21356-KMW

_____

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Grace Solis and Shirley Solis ("the Solises") appeal from the district court's grant of the defendants' joint motion to dismiss their second amended complaint ("SAC") alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and a Florida criminal witness tampering statute. The Solises' lawsuit arises out of acts the defendants allegedly committed related to a state foreclosure proceeding (based on an alleged default on a home equity line of credit) on the Solises' homestead property.

On appeal, the Solises argue that the district court abused its discretion in dismissing their SAC as a shotgun pleading without affording them an opportunity to amend their complaint a third time. They also argue that the district court erred by independently finding that some of their claims were barred by res judicata. For the reasons that follow, we affirm.

**I**

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). We review for an abuse of discretion a district court's decision to dismiss a complaint as a shotgun pleading. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Henley*, 945 F.3d at 1327 (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  However, this leniency does not give us "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Complaints that are shotgun pleadings violate Fed. R. Civ. P. 8(a)(2), 10(b), or both.  *See Barmapov*, 986 F.3d at 1324.  Rule 8(a)(2) "requires the complaint to provide 'a short and plain statement of the claim showing that the pleader is entitled to relief'" and Rule 10(b) "requires a party to 'state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2) & 10(b)). The purpose of these pleading rules is "to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Id.*  (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

"Shotgun pleadings 'are flatly forbidden by the spirit, if not the letter, of these rules' because they are 'calculated to confuse the "enemy," and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked.'" *Id.* (quoting *Weiland*, 792 F.3d at 1320).

Such pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

We have identified four basic types of shotgun pleadings. The first type "is 'a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.'" *Id.* at 1324-25 (quoting *Weiland*, 792 F.3d at 1321). The second type "is a complaint that is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'" *Id.* at 1325 (quoting *Weiland*, 792 F.3d at 1322). "The third is a complaint that does not separate 'each cause of action or claim for relief' into a different count." *Id.* (quoting *Weiland*, 792 F.3d at 1323). The fourth and final type of shotgun pleading "is a complaint that 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Id.* (quoting *Weiland*, 792 F.3d at 1323).

The Solises do not take issue with the district court's dismissal of the SAC as a shotgun pleading. We note, in any event, that the court did not abuse its discretion because the SAC was a shotgun pleading of at least the first and fourth types described above.

Instead, the Solises contend that the district court should have granted them leave to amend for the third time. We disagree. The Solises—who had already amended their complaint twice—did not separately move for leave to amend, and did not provide the substance or content of what the amended pleading would look like. We have explained that "where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Pop v. Luli-Fama.com LLC*, 145 F.4th 1285, 1298 (11th Cir. 2025) (quoting *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018)). "In such a case, the request for leave to amend 'possesse[s] no legal effect'" and is null. *See id.* (quoting *Newton*, 895 F.3d at 1277). Because the matter of further amendment was not properly placed before the district court, the Solises cannot show reversible error.

## II

Our precedents on the applicable standard of review for res judicata determinations are somewhat muddled. As one of our recent cases explained, we apply clear error review to the matter of privity and *de novo* review as to the other elements of res judicata. *See Rodemaker v. City of Valdosta Bd. of Ed.*, 110 F.4th 1318, 1326-27 (11th Cir. 2024). "In considering whether to give preclusive effect to state-court judgments under res judicata or collateral estoppel, the federal court must apply the rendering state's law of preclusion." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263 (11th Cir. 2011).

The Solises argue that the district court erroneously concluded that, due to the Florida state court foreclosure judgment against them, res judicata barred their claims in Counts I, II, and IV of their SAC. The Solises, however, do not address the elements of res judicata under Florida law. Nor do they point to any asserted errors in the court's analysis. Their only argument on this issue seems to be that because they filed their original complaint in this federal action before the final judgment of foreclosure was entered against them in Florida state court, res judicata cannot bar their claims.

That argument lacks merit. In Florida, the judgment in the prior proceeding need not become final before the commencement of the latter suit in order for res judicata to apply. Instead, res judicata will still bar a lawsuit if the judgment on the merits in the other action becomes final while the lawsuit in question is pending. *See Zikofsky v. Marketing 10, Inc.*, 904 So. 2d 520, 525 (Fla. 4th DCA 2005) (citing cases).

### III

We affirm the district court's order of dismissal.

**AFFIRMED**.